FILED

Kevin Farhang
1645 S. La Cienega Boulevard, Suite 1
Los Angeles, California 90035
Telephone:   (310) 859-1122
Facsimile:   (310) 859-1123

2010 FEB 24  PM 1:29

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV10-01380 GHK (VBK)

| | |
|---|---|
| Kevin Farhang, | ) Case No.: |
|        Plaintiff, | ) COMPLAINT FOR DAMAGES |
|   vs. | ) |
| City of Los Angeles, POLICE OFFICER CORREA, PHENG AND VIDAL | ) 1.   False Arrest<br>) 2.   Violation of Civil Rights<br>) and Conspiracy to Violate Civil |
|       Defendant | ) Rights<br>) [42 U.S.C. § 1983] |
| | ) |
| | ) DEMAND FOR JURY TRIAL |

**JURISDICTION AND VENUE**

1.    Jurisdiction is vested in this Court under 28 U.S.C. §§ 1331 and 1343(3)(4) for violation of the 1971 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §§ 1983, 1331 and 1367(a).

2.    Venue is proper in the Central District of California and the County of Los Angeles under 28 U.S.C. § 1391(a)(b).

**PARTIES**

3.    Plaintiff KEVIN FARHANG, an individual, is a resident of the state of California and presently resides in Los Angeles County.

4.    Defendant CITY OF LOS ANGELES (hereinafter "LOS ANGELES") is a municipal corporation, organized and existing

2/24/2010 1:54:10 PM  Receipt #: 132455
                Cashier : KPAGE [LA_1-1]
Paid by: KHF INDUSTRIES, INC.
2:CV10-01380
2010-086900        5 - Civil Filing Fee(1)
Amount :                              $60.00
2:CV10-01380
2010-510000        11 - Special Fund F/F(1)
Amount :                             $190.00
2:CV10-01380
2010-986400        Filing Fee - Special(1)
Amount :                             $100.00
Check Payment : 5361 /               350.00

1  under the laws of the State of California, and is the public
2  employer of the police officers named as defendants in this
3  action.

4      5.    Defendants Officer CORREA, Officer PHENG, and Officer
5  VIDAL are LOS ANGELES police officers.

6      6.    Plaintiff is unaware of the true names and capacities
7  of those sued herein as known other named defendants' true names
8  and capacities when that information becomes known to him.
9  Plaintiff is informed, believes and thereon alleges that these
10 unknown other defendants are legally responsible and liable for
11 the incident, injuries and damages hereinafter set forth, and
12 that each of said defendants proximately caused the injuries and
13 damages by reason of negligence, careless, deliberately
14 indifferent, intentional, willful or wanton misconduct,
15 including the negligent, careless, deliberately intentional,
16 willful or wanton misconduct in creating and otherwise causing
17 the incident, conditions and circumstances hereinafter set
18 forth, or by reason of direct or impugned negligence or
19 vicarious fault or breach of duty arising out of the matters
20 herein alleged.    Plaintiff will seek leave to amend this
21 complaint to set forth said true names and identities of the
22 unknown other named defendants when they are ascertained.

23     7.    Each of the individual defendants sued herein is sued
24 in his individual and personal capacities, as well as his
25 official capacities.

26     8.    Plaintiff is informed and believes and thereon alleges
27 that all times herein mentioned each of the defendants was the
28 agent and/or employee and/or co-conspirator of each of the
29 remaining defendants, and in doing the things hereinafter
30 alleged, was acting within the scope of such agency, employment
31 and/or conspiracy, and with the permission and consent of other
32 co-defendants.

### FACTS COMMON TO ALL COUNTS

9.   This   complaint   concerns   the   unfortunate   and preventable   incident   which   occurred   on   May   28,   2009   at approximately 2:00 a.m. in front of Mel's Diner at the southeast corner of Hollywood Boulevard and Highland Avenue.

10.   On said date and at said time and location, Officers CORREA and PHENG, sued herein as unknown named defendants, while in the course and scope of employment, but without legal course or   justification,   placed   the   Plaintiff   under   arrested, physically abused him, transported him to the police station, chained him to a bench for approximately six hours, and detained him for several more hours, without the sergeant in charge, or anyone else, bothering to find out why the Plaintiff had been arrested.

11.   Said officers of the Los Angeles Police Department then attempted to cover up the true facts of this incident by fabricating the charge that Plaintiff had "delayed" the police officer(s).

12.   Plaintiff   never   broke   any   laws   or   committed   any transgression against the police officers, unless the mere act of asking a question, politely and at a distance, from a police officer who is standing on the sidewalk, engaged in no activity other than having a conversation with another individual who had been placed under arrest, for the presumption of DUI, can be construed as a crime, justifying treatment of the Plaintiff as a criminal, depriving him of his civil liberties, and inflicting him with physical, and mental torture.

///
///
///
///
///

## FIRST CAUSE OF ACTION

**(Plaintiff KEVIN FARHANG, Individually Against all Defendants, for Violation of Civil Rights [42 U.S.C § 1983])**

13. Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

14. This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom or usage of a right, privilege, and immunity secured to KEVIN FARHANG by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

15. At all times mentioned herein, defendant LOS ANGELES employed the individual defendants herein. Said defendants provided their individual defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of LOS ANGELES.

16. During all times mentioned here, the individual defendants herein, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, processes, customs and usages of LOS ANGELES. Each of the individual defendants here, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

17. Plaintiff is informed, believes and thereon alleges that on or about May 28, 2009, officers of the Los Angeles Police Department falsely arrested him, deprived him of his civil liberties and inflicted pain and imprisonment in violation of and with deliberate indifference to KEVIN FARHANG's constitutional right to be free from unreasonable searches and

seizures and his due process rights to be free from arbitrary deprivation of life, liberty, and pursuit of happiness.

18.   The above articulated constitutional violations were proximately caused by LOS ANGELES's deliberate indifference to the maintenance, training and control of its officers, and the constitutional violations set forth above were proximately caused by the customs, practices, policies and decisions of defendants Officer CORREA, Officer PHENG, and Officer VIDAL and the Los Angeles Police Department, including but not limited to, inadequately training and supervising employees of the Los Angeles Police Department with respect to the use of force and the proper procedure for restraining and detaining individuals.

19.   Plaintiff is informed, believes and thereon alleges, that before May 28, 2009, defendants LOS ANGELES and the Los Angeles Police Department hired, trained, and supervised, employed and/or managed the individual defendant officers and deputies with conscious disregard and deliberate indifference to the constitutional rights of the third parties, in that it was plainly obvious to LOS ANGELES and the Los Angeles Police Department that these officers were dangerous and violent employees, prone to disregard the citizens constitutional rights without reasonable justification.  Since adequate scrutiny of these individual defendants' backgrounds would have led reasonable policymakers within LOS ANGELES and the Los Angeles Police Department to conclude that the plainly obvious consequence of the decision to hire these individual defendants would be the deprivation of a third party's Fourth Amendment rights to be free from unreasonable and excessive force, LOS ANGELES and the Los Angeles Police Department were deliberately indifferent to Plaintiff's federally protected rights when the individuals named herein were hired.

20. That as set forth in the foregoing paragraphs of this complaint, the officers' malapropos conduct and mistreatment was an unconstitutional display of unreasonable and uncalled for brutality violating KEVIN FARHANG's right to be free from unreasonable seizures. Plaintiff is informed and believes and thereupon alleges that the details of this incident have been revealed to the authorized policymakers within LOS ANGELES and the Los Angeles Police Department, and that such policymakers have direct knowledge of the fact that the deliberate indifference to KEVIN FARHANG's health and well-being was not justified, but rather represented an unconstitutional display of unreasonable and unconstitutional conduct. Notwithstanding this knowledge, the authorized policymakers within LOS ANGELES and the Los Angeles Police Department have approved of the officers' conduct and made a deliberate choice to endorse the Los Angeles Police Department's misconduct. By doing so, the authorized policymakers within LOS ANGELES and the Los Angeles Police Department had shown affirmative agreement with the individual defendant officers' actions, and had ratified the unconstitutional acts of the individual defendant officers.

21. Despite the fact that LOS ANGELES knew or should have known of the fact that these acts, omissions, decisions, practices and customs and policies, both formal and informal, were being carried out by its agents and employees, LOS ANGELES, has taken no steps or efforts to order a halt to this course of conduct, or to make redress to this Plaintiff or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against any of its employees or agents.

22. The above acts or omissions of the defendants were undertaken while under color of state law and resulted in violation of Plaintiff's constitutional rights, as stated

herein.    Likewise,    the    customs,    practices,    policies    and
decisions of LOS ANGELES alleged herein and as applied to KEVIN
FARHANG resulted in the violation of Plaintiff's constitutional
rights.

23.    Plaintiff had a liberty interest to life and the right
not be deprived of liberty without due process of law.    This
right and privilege is secured to Plaintiff by the provisions of
the Fourth Amendment and the Due Process Clauses of the Fifth
and Fourteenth Amendments to the United States Constitution, and
by 42 U.S.C. § 1983.    All of these interests were implicated by
the wrongful conduct of defendants which proximately caused the
injuries to KEVIN FARHANG.

24.    Each of the individual defendants acted in concert,
acted outside the scope of his or her jurisdiction and without
authorization of law, and each of the individual defendants,
separately and in concert, acted willfully, knowingly and with
reckless disregards and deliberate indifference to the known
consequences of their acts and omissions and purposefully with
the intent to deprive Plaintiff of his federally protected
rights and privileges and did, in fact, violate these rights and
privileges,    entitling    Plaintiff    to    punitive    and    exemplary
damages in an amount to be proven at the trial of this matter.

25.    As a direct and proximate result of the aforesaid
acts, omissions, customs, practices, policies and decisions of
the defendants, and each of them, Plaintiff has suffered great
mental and physical pain, permanent disability, humiliation,
indignity, embarrassment and apprehension, all to his damage in
a sum to be determined at trial, to include the expenses, and
other costs incurred in the prosecution of the above-articulated
constitutional violations.

26.    Plaintiff is entitled to, and hereby demands, costs,
attorney's fees and expenses pursuant to 42 U.S.C. § 1988.

27.   Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.   For general damages in an amount to be determined according to proof at trial;

2.   For future medical and related expenses according to proof at trial;

3.   For costs of suit incurred herein;

4.   For punitive damages against each individual defendant in an amount to be determined according to proof at trial;

5.   Such other and further relief as the Court deems just and proper.

DATED: *February 23, 2010*

By: _____
KEVIN FARRANG, In Pro Per



City Hall East
200 N. Main Street
Room 800
Los Angeles, CA 90012

(213) 978-8100 Tel
(213) 978-8312 Fax
CTrutanich@lacity.org
www.lacity.org/atty

### CARMEN A. TRUTANICH
#### City Attorney

September 8, 2009

Kevin  Farhang
1645 S. La Cienega Blvd.
Los Angeles, CA  90035

        . RE:     Our Claim No.:  C10-0368

Dear Mr. Farhang:

        The subject claim against the City has been referred to this office.

        After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

        This letter represents a formal notice to you that said claim has been denied.  In view of this action, we are required by law to give you the following warning:

### ***WARNING***

        **"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

        **"You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately."**

                    Very truly yours,

                    THOMAS WONG
                    Chief  Investigator

TW:tm
Telephone:  (213) 978-2226
Enclosure

## PROOF OF SERVICE BY MAIL

I, Tammy Mar, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 8, 2009, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C10-0368 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

> Kevin Farhang
> 1645 S. La Cienega Blvd.
> Los Angeles, CA 90035

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2009, at Los Angeles, California

_____
Tammy Mar

LOS ANGELES POLICE DEPARTMENT
## INTERNAL AFFAIRS GROUP
PHONE (213) 485-4152

COMPLAINANT: Farhang, Kevin                    CF No. 09-003292

The Internal Affairs Group of the Los Angeles Police Department has received your complaint. You will be informed of the disposition of the investigation.

Please use the Complaint Form (CF) No. shown above in all future contacts regarding this complaint.

La Division de Asuntos Internos (Internal Affairs Group) del Departamento de Policia de Los Angeles ha recibido su queja y debido a ello se hara una investigacion. El Departamento de Policia le informara de los resultados finales de dicha investigation.

Favor de usar el numero de referencia para cualquiera referencia futura de esta queja.

WILLIAM J. BRATTON
Chief of Police

FORM CONT. 100-A (Rev. 7/01)

# CLAIM FOR DAMAGES
## TO PERSON OR PROPERTY

RESERVE FOR FILING STAMP

CLAIM NO. _____

## INSTRUCTIONS

1. Claims for death, injury to person or to personal property must be filed not later than six months after the occurrence. (Gov. Code Sec. 911.2)
2. Claims for damages relating to any other type of occurrence must be filed not later than one year after the occurrence. (Gov. Code Sec. 911.2)
3. Read entire claim before filing. Claim can be mailed or filed in person. No faxes accepted.
4. See Page 2 for diagram upon which to locate place of accident.
5. This claim form must be signed on Page 2 at bottom.
6. Attach separate sheets, if necessary, to give full details. SIGN EACH SHEET.
7. Fill out in duplicate. ONE COPY TO BE RETAINED BY CLAIMANT.
8. Claim must be filed with CITY CLERK, (Gov. Code Sec. 915a)
   200 NORTH SPRING STREET, ROOM 395, CITY HALL, LOS ANGELES, CA 90012

TO: CITY OF LOS ANGELES

| | |
|---|---|
| Name of Claimant<br>**KEVIN FARHANG** | Age of Claimant<br>**67** |
| Home address of Claimant        City, State and Zip Code<br>750 So. Spaulding, #101 LA, CA 90036 | Home Telephone Number<br>310/922-1123 |
| Business address of Claimant        City, State and Zip Code<br>1645 So. La Cienega Blvd., Los Angeles, CA 90035 | Business Telephone Number<br>310/859-1122 |

Give address to which you desire notices or communications to be sent regarding this claim:
1645 So. La Cienega Blvd., Los Angeles, CA 90035

How did DAMAGE or INJURY occur? Please include as much detail as possible.

See attached

When did DAMAGE or INJURY occur? Please include the date and time of the damage or injury.

Starting at 1:30 A.M., ending at 7:30 A.M. on 5/02/09

Where did DAMAGE or INJURY occur? Please describe fully, and locate on the diagram on the reverse side of this sheet. Where appropriate, please give street names and addresses and measurements from specific landmarks:

On the sidewalk in front of public parking adjacent to restaurant, called Mel's Diner, on Highland, just south of Hollywood Blvd.

What particular ACT or OMISSION do you claim caused the injury or damage? Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number, if known.

False arrest committed by Police Officer Correa, badge #38272

Please list the names and address of Witnesses, Doctors and Hospitals:

1) Mr. Dean Nichols, phone 310/486-2260

SEE PAGE 2 (OVER)                    THIS CLAIM MUST BE SIGNED ON REVERSE SIDE

2) The woman who was handcuffed and arrested for DUI
3) Mr. Sione Fifita, phone 323/667-8679

He was also chained to bench at Police Station.

What DAMAGE or INJURIES do you claim resulted? Please give full extent of injuries or damages claimed:

Disabled and painful left and right shoulders, and left wrist

What is the AMOUNT of your claim? Please itemize your damages:

Not known at this time

If you have received any insurance payments, please give the names of the insurance companies:

None

For all accidents claims please place on the following diagram the names of the streets where the accident occurred and the nearest cross-streets; indicate the place of the accident by an "X" and by showing the nearest address and distances to street corners. Please indicate where North is on the diagram.

Note: If the diagram does not fit the situation, please attach your own diagram.



Signature of Claimant or person filing
on claimant's behalf giving relationship
to claimant

Typed Name: KEVIN FARHANG          Date: July 17, 2009

**ATTACHMENT**

How did DAMAGE or INJURY occur?

About midnight on Friday May 2, 2009, we stopped at a diner so my
friend could have a bite to eat. The restaurant is called "Mel's
Diner," located on Highland Avenue a short distance south of
Hollywood Boulevard.

We left the restaurant about 1:30 a.m., and were about to enter
into the public parking on the restaurant grounds where my car
was parked. Right there, on the side walk, I noticed that two
police officers were conducting a sobriety test on a young woman.

The police car was stopped in front of the entrance to the park-
ing lot, and the woman's car was parked in front of the police
car but a good distance off the curb such that if it was left
there it would interfere with the traffic going north intending
the make a right turn on Hollywood Boulevard.

I waited a few minutes curious to see how the woman was perform-
ing. After a short observation, I told my friend that the woman
appeared to be doing fine and would be set free to go. However,
a few minutes later, she was handcuffed and was being led into
the police car.

I remembered an instance about twenty years ago when I was
stopped in west Los Angeles, and in the police officer's opinion,
did not pass the sobriety test. I was arrested and taken to the
station in Santa Monica where I was tested with a breath analyz-
er, and was found to have a blood alcohol content far below the
legal limit. I was let go and I took a cab to where my car was
left but the car was gone. The next day, I had to go to the
garage to which my car had been towed, and had to pay a hefty
towing and storage fee to get the car out.

The thought prompted me to help the woman avoid all the extra
anguish and expense, by removing her car from a no-parking zone
and parking it in the public parking lot in front of which her
car was stopped.

So, I approached the Police officers, and politely said: "Can I
have a word with the young lady?" Officer Correa, gazing at me
as though I was a lowly offender, tersely said: "No."

To which I said: "I just want to ask her if she would like me to
have her car parked in this parking." Officer Correa said
something to the effect that I had no business talking to the
woman and should get away.

I then said something to the effect that I didn't think it was
against the law to ask someone being arrested if she wants her
car parked so it won't be towed away.

Officer Correa said I should go away or I would be placed under arrest.

It should be pointed out that at all times during this exchange, I was standing several feet away, to the side. At no time was I close to the woman, or in between the officers and the woman, and that I never directly spoke to the woman, but merely asked the officer if I could move her car so it would not be impounded, and further would not, until towed away, and while being lifted by the tow truck, disrupt the very heavy traffic at a time when a light-flashing, siren-blaring, police car would approach the intersection every few minutes because of a disturbance at a restaurant about a block away, on Hollywood Boulevard.

I started to ask my final question, which was, how could I be placed under arrest for asking the officer permission to act as a responsible, considerate, citizen, taking only a minute to move the woman's car out of the way, into the parking lot next to which the car was stopped.

Before I uttered the words, Officer Correa pounced on me, grabbing me and pushing me against the wall, ordering me to spread my legs while he handcuffed me, did a body search, and then walked me to the curb and pushed me against the police car in which the woman was already seated.

When I turned my head around to tell my friend to take the car keys out of my pocket, I was ordered not to turn my head and keep it facing the Police car.

A few minutes later another police car arrived and transported me to the police station. I thought that I would be given the opportunity to explain to the officer in charge of the station that I had committed no crime. But the Sergeant in charge only exchanged a few words with the transporting officer who then ordered me to sit on a bench to which he chained my handcuff in an extremely uncomfortable position. Soon after, I realized that I was in line to be booked, with about 10 or more others already chained to the bench.

I was concerned about my girlfriend who was expecting me home by that time. But I was more concerned about my friend who was scheduled to fly away very early that morning. I wanted to let him know that it appeared that I would be held for awhile so he wouldn't waste his time waiting for me. On several occasions I asked an officer passing by if I could use my cell phone to place a call but I was ignored by all until the other arresting officer came by about a couple of hours later to ask some questions about my health. I asked him if I did not have the right to place a phone call. He said only after I go through the booking process which would obviously be a long time away considering that only one or two individuals had left the bench since my arrival and there were many more ahead of me.

A few hours later I felt that my body was reacting to the very uncomfortable posture I was in. The bench was narrow. The chain did not allow me to lean sideways or reach the wall in front of me to rest my head. My wrists felt swollen and my hands were numb. Worst of all, both my shoulders, bent backwards, were getting progressively more painful.

I started asking the officers going by if there was something I could do to relieve the pain. They all ignored my pleas. I mentioned to one female officer passing by that I was actually being tortured, a punishment which I did not deserve, and which was legally prohibited.

My suffering continued for more than five hours. Longer than it takes to fly coast to coast, which can be difficult even when sitting freely on a comfortable, reclining, chair, and considered a health hazard if a passenger does not get off the chair and move about, for that many hours.

At 7:30 am I was taken to the booking room, where the contents of my pockets, and my cell phone, were removed. I was told that my bail was $10,000, and could not be paid with a credit card. I asked If I could have someone bring a check for my signature in order to have the money taken from my checking account. I was told that I would not be allowed to sign a check brought over, but I could make a phone call from the jail, after I was booked.

The booking officer, when he was done finger-printing, and photo-graphing me, told me that I might be let loose by signing a citation promising to appear in court. Based on that conversa-tion I did not make a phone call when I was placed in the jail room about 9:00 a.m., more than 7 hours since my arrest. There was no reason to call my friend since I was informed that he had dropped off the car keys at the station, and taken a cab to take him home, so he could make his flight.

And I could not reach anyone, without my cell phone, where all the numbers were stored, who could come up with $10,000 in cash on a weekend.

After about an hour in the jail room I was called out, and I felt relieved thinking that I was about to sign the citation and leave. Instead, I was locked inside a much larger jail room filled with bunkers, and many other detainees.

Overcome by fear, thinking that I was there to spend the next two nights, I tried to call my girlfriend and let her know where I was, and ask her to find a way to get the $10,000 cash, but the public phone in that room did not permit phone calls.

I stood by the bars and when the officer who booked me passed by, a few times, I pleaded that he let me make a phone call since I had made none based on his promise that I would soon be allowed to leave. The officer totally ignored me, behaving as though I did not exist, and was not heard.

3

At 11:45, about 10 hours since my arrest, I was called out, and let go, after signing a citation.

When I showed up in court, at the appointed time, I learned that my case was not on calendar, and was told to leave and expect further notification from the prosecutor, from whom I have not heard as of this date.

At this time, my left wrist, and the left shoulder, are somewhat painful when engaged, making some activities, such as push-ups impossible.  My backache has been exacerbated but will probably revert to how it was before.  But, my right shoulder, which never troubled me before, is chronically and persistently painful, so much so that I have a difficult time falling sleep, waking up numerous times and staying awake while trying to find a different position that might relive or subdue the pain.

I have not seen a doctor yet, hoping that time would heal, but it has not.  In fact, the pain in the right shoulder has been get-ting worse.  I have been putting off seeking medical help because I doubt that there is much that a doctor can do, and I am so busy conducting my legal service business that I spend six nights a week in my office working until several hours past midnight.

4

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

KEVIN FARHANG

**DEFENDANTS**

CITY OF LOS ANGELES, POLICE OFFICERS CORREA, PHENG, AND VIDAL

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☒ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities-Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: CV10-01380

### CIVIL COVER SHEET

Page 1 of

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES:—Have any cases been previously filed that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B.  Involve the same or substantially the same parties or property;
☐ C.  Involve the same patent, trademark or copyright;
☐ D.  Call for determination of the same or substantially identical questions of law, or
☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

Los Angeles

List the California County, or  State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Kevin Farhang*    Date 2/24/10

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

*FOR OFFICE USE ONLY*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FARHANG,<br><br>PLAINTIFF(S)<br><br>v.<br><br>CITY OF LOS ANGELES, POLICE OFFICERS CORREA, PHENG AND VIDAL,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10-01380 GHK (VBK)<br><br><br>SUMMONS |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Kevin Farhang, Pro Per _____, whose address is:
1645 So. La Cienega Boulevard
Suite 1
Los Angeles, California 90035
(310) 859-1122

*FOR OFFICE USE ONLY*

an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within  21  days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated:  2/24/2010 _____    By  C Vasquez _____
                                              Deputy Clerk

                                          (Seal of the Court)

*FOR OFFICE USE ONLY*